UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNARD SHABAZZ,<br><br>    Plaintiff,<br><br>v.<br><br>N.J. TRANSIT,<br><br>    Defendant. | Civil Action No.<br><br>14-4565 (MCA) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is the motion of Plaintiff *pro se*, Bernard Shabazz, for leave to file a First Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). (ECF No. 19). Defendant, New Jersey Transit Corp., filed a letter brief opposing the motion. (ECF No. 21). Having considered the parties' submissions, for the reasons set forth herein, and for good cause shown, Plaintiff's motion is **GRANTED**.

## BACKGROUND

Plaintiff, who works as a bus operator for Defendant, has alleged that Defendant discriminated against him and other African-American employees by intentionally delaying or denying the benefit payments that are typically made to injured employees. (*See* ECF No. 1, ¶ 9). Plaintiff filed his *pro se* Complaint in this Court in July 2014, along with a Notice of Right to Sue from the Equal Employment Opportunity Commission, and alleged a cause of action for race discrimination in violation of title VII of the Civil Rights Act of 1964. (*Id.* ¶¶ 1, 9).

On May 15, 2015, United States District Judge Madeline Cox Arleo denied a motion by Defendant to dismiss the action for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9). Defendant filed an Answer on June 5, 2015. (ECF No. 10).

This Court, after conferring with the parties, issued a Pretrial Scheduling Order that set, among other deadlines, October 16, 2015 as the last day for seeking to amend the pleadings. (ECF No. 17).

## DISCUSSION

On December 1, 2015, Plaintiff filed a motion seeking leave to amend his Complaint, pursuant to Rule 15(a)(2). (ECF No. 19). Plaintiff points out in his motion that he had raised additional allegations, seemingly pertaining to a pattern of alleged disparate treatment, in a proposed amended discovery plan he had filed with the Court on July 1, 2015 (ECF No. 13), but had later learned that this was not the proper means of presenting new allegations. (ECF No. 19-1, ¶¶ 3–4). Under the Court's motion schedule, papers opposing the motion were due on December 21, 2015. On January 4, 2016, Defendant filed a letter brief opposing Plaintiff's motion on the sole ground that Plaintiff had failed to demonstrate good cause why the Court should permit him to file a motion to amend after the October 16, 2015 deadline set by the Pretrial Scheduling Order. (ECF No. 21).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is liberally granted in light of "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Pursuant to Federal Rule of Civil Procedure 16, this Court requires a party seeking to amend a pleading after the applicable deadline to make a threshold showing of good cause for the failure to meet that deadline. Fed. R. Civ. P. 16(b)(4); *Smith v. Honeywell Int'l, Inc.*, Civ. A. No. 10-3345 (JAD), 2014 WL 301031, at *4 (D.N.J. Jan. 27, 2014). Nevertheless, the United States Court of Appeals for the Third Circuit

2

has noted that it has "'traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure.'" *Caldwell v. Folino*, 394 F. App'x 912, 915 (3d Cir. 2010) (quoting *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993)).

The Court finds, in this case, that good cause exists to consider Plaintiff's motion. Plaintiff, a non-lawyer, has represented himself since the commencement of this action. He filed his motion to amend the Complaint only forty-five days beyond the deadline set by the Pretrial Scheduling Order. Fact discovery is still underway, set to conclude March 31, 2016, and has been extended only once. Furthermore, accepting Plaintiff's representation that his amendments are based on allegations included in his proposed amended discovery plan submitted to the Court (ECF No. 13), defendant has been on notice of such allegations since July 2015. Defendant has not argued that it would suffer any prejudice by the Court's permitting a late motion to amend, and there is no indication that Plaintiff made his motion in bad faith or simply to delay proceedings.

As Defendant offers no other arguments in opposition to the motion, and with consideration of the leeway typically afforded *pro se* parties with regards to litigation procedure, Plaintiff's motion for leave to amend his Complaint is **GRANTED**.

## CONCLUSION

For the foregoing reasons, and good cause shown,

IT IS on this 10th day of February, 2016,

1. **ORDERED** that Plaintiff's motion to amend his Complaint (ECF No. 19) is **GRANTED**; and it is further

2. **ORDERED** that Plaintiff shall file a First Amended Complaint within thirty days of the date of this Opinion and Order.

                                                Leda Dunn Wettre
                                                United States Magistrate Judge

Original:    Clerk of the Court
      cc:    Hon. Madeline Cox Arleo, U.S.D.J.
               All Parties